**In re ESTATE OF Newton S. STOWELL, II, Newton S. Stowell, II Family Trust.[1]**

Supreme Judicial Court of Maine.

Argued Nov. 18, 1993.

Decided Jan. 25, 1994.

---

1. Reference to the Estate of Barbara F. Stowell is omitted from the caption for the reasons articulated in *In re Estate of Stowell*, 595 A.2d 1022, 1023 n. 1 (Me.1991).

Daniel W. Bates (orally), Petruccelli & Martin, Portland, for appellant.

Michael T. Healy (orally), Verrill & Dana, Portland, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

Jane Stowell Mason, Mary Stowell Waitt, and Elizabeth K. Stowell (the beneficiaries) appeal and Rand N. Stowell cross-appeals from a judgment of the Cumberland County Probate Court (*Childs, J.*) allowing in part and disallowing in part an award of attorney fees to the beneficiaries. The beneficiaries contend that the Probate Court failed to follow our mandate in *In re Estate of Stowell,* 595 A.2d 1022, 1027 (Me.1991) (*Stowell I* ), by disallowing all attorney fees incurred by them prior to the *Stowell I* mandate. Rand contends that the Probate Court improperly ordered him to pay attorney fees incurred by the beneficiaries for the enforcement of the *Stowell I* mandate. He also requests that we issue a mandate directing that his attorney fees and costs be paid by the estate. We agree with the beneficiaries, and accordingly, we remand to the Probate Court for the award to the beneficiaries of their reasonable attorney fees incurred prior to and consistent with the *Stowell I* decision and deny Rand's cross-appeal.

The facts set forth in our decision in *Stowell I* may be summarized as follows: In 1973 the decedent, Newton S. Stowell II, established the Newton S. Stowell II Family Trust and executed a will that provided for a pour-over of his entire estate into the trust for distribution to the beneficiaries. Rand was appointed as a trustee. Newton died in

1983 and Rand was appointed personal representative of his estate. Rand made twelve unauthorized loans from the estate, ten to himself personally and two to a company in which he held a substantial financial interest. Following various disputed issues by the beneficiaries and Rand, including the valuation of certain stock of the trust corpus, in 1987 Rand filed a petition for instructions on the trust distribution. In 1988 he distributed the corpus of the trust pursuant to a court-approved settlement agreement. The beneficiaries objected to Rand's final accounting as trustee and the matter was referred to a referee. The Probate Court accepted the finding of the referee that Rand had not breached his fiduciary duty in making the loans, and the beneficiaries appealed.

We held that Rand breached his fiduciary duty in making both the personal and business loans. *Id.:* at 1025–26. We further held that, although the business loans did not result in damages to the estate, the estate was entitled to surcharge Rand for the profit made from his investment of the personal loans. *Id.* at 1026.[2] On the issue of attorney fees, we recognized that 18–A M.R.S.A. § 1–601 (1981) authorizes the payment of reasonable attorney fees to a party out of an estate in controversy[3] and held that the attorney fees incurred by the beneficiaries in establishing Rand's breach of his fiduciary duty constituted a damage or loss to the estate within the meaning of 18–A M.R.S.A. § 3–712 (1981).[4] *Stowell I,* 595 A.2d at 1026. Our mandate provided in pertinent part:

Case remanded for the entry of judgment for Jane Stowell Mason, Mary Stowell Waitt and Elizabeth K. Stowell and for the imposition of a surcharge that includes their reasonable attorney fees in accordance with the opinion herein.

---

2. On remand, the Probate Court confirmed that Rand would be surcharged for the profit on the personal loans in an amount of $4,261.71.

3. Section 1–601 provides in part:
   In contested cases in the original or appellate court of probate, costs may be allowed to either party, including reasonable ... attorney's fees, to be paid to either or both parties, out of the estate in controversy, as justice requires.

4. Section 3–712 provides in part:
   If the exercise of power concerning the estate is improper, the personal representative is liable to interested persons for damage or loss resulting from breach of his fiduciary duty to the same extent as a trustee of an express trust.

*Id.* at 1027.[5]

On remand the beneficiaries filed a motion seeking the imposition of a surcharge pursuant to the mandate for their attorney fees in the amount of $158,074.35, plus their attorney fees and costs incurred by the prosecution of the motion. After three days of hearing, the Probate Court issued a decision that allowed attorney fees in the amount of $21,500, representing fees incurred by the beneficiaries after our *Stowell I* mandate, but disallowed all attorney fees incurred by the beneficiaries prior to that mandate. This appeal and cross-appeal followed.

The Probate Court provides that reasonable attorney fees may be allowed to either party out of the estate in controversy as justice requires. 18-A M.R.S.A. § 1-601 (1981); *Stowell I*, 595 A.2d at 1026. The beneficiaries are entitled to recover out of the estate the reasonable attorney fees incurred by them in establishing that Rand breached his fiduciary duty by making both the personal and business loans. *See id.* ("Because we hold that Rand breached his fiduciary duties and because the beneficiaries incurred attorney fees in seeking redress, justice requires that those attorney fees, if reasonable, be reimbursed from the estate."). We emphasize that the beneficiaries are entitled to the reasonable attorney fees incurred by them in establishing that the business loans, as well as the personal loans, constituted a breach of Rand's fiduciary duty notwithstanding the fact that the estate suffered no damage as a result of the business loans. *See Estate of Whitlock*, 615 A.2d 1173, 1178–79 (Me.1992) ("In this case, no loss to the estate other than attorney fees has been shown. ... We conclude that [the personal representative] breached his duty to plaintiffs and that justice requires that their reasonable attorney fees and costs be surcharged against him individually."). The reasonable attorney fees recovered by the beneficiaries out of the estate constitute a damage or loss to the estate for which Rand shall be surcharged. *Stowell I*, 595 A.2d at 1026.

Rand contends by his cross-appeal that the Probate Court improperly ordered him to pay attorney fees in the amount of $21,500 incurred by the beneficiaries in their effort to enforce the *Stowell I* mandate. We disagree. Contrary to his contention that there is no authority in the Probate Code for an award of attorney fees to reimburse the beneficiaries for time spent to collect attorney fees, section 1-601 provides for the allowance of reasonable attorney fees out of the estate in controversy as justice requires. The decision to award costs, including attorney fees, to a party is left to the sound discretion of the probate judge. *In re Estate of Roach*, 595 A.2d 433, 438 (Me.1991). The determination that justice required the award of reasonable attorney fees to reimburse the beneficiaries for attorney fees incurred by them in their attempt to collect attorney fees pursuant to our mandate in *Stowell I* was within the discretion of the Probate Court. *See generally Colony Cadillac & Oldsmobile, Inc. v. Yerdon*, 558 A.2d 364, 369 (Me.1989) (holding that it was entirely in keeping with the remedial purposes of the consumer protection laws for the fee award under the Used Car Information Act to include the expenses necessary for successful defense of judgment on appeal before the Superior Court and the Law Court).

Finally, we reject Rand's contention that he is entitled to reimbursement from the estate for reasonable attorney fees incurred by him in defending the proceedings that followed our decision in *Stowell I*. It is true that the personal representative is entitled pursuant to 18-A M.R.S.A. § 3-720 to receive from the estate reasonable attorney fees incurred in defending a proceeding in good faith. As we stated in *Stowell I*, however, a fiduciary is not entitled to attorney fees for litigation that results from his misconduct. *Stowell I*, 595 A.2d at 1027. Accordingly, the issuance of his requested mandate is denied.

The entry is:

mandate.

---

**5.** We note the docket does not reflect an entry of judgment for the beneficiaries as required by our

Award to Jane Stowell Mason, Mary Stowell Waitt, and Elizabeth K. Stowell of attorney fees incurred subsequent to the mandate in *In re Estate of Stowell,* 595 A.2d 1022 (Me.1991), affirmed.

Remanded for the entry of a judgment for Jane Stowell Mason, Mary Stowell Waitt, and Elizabeth K. Stowell, and for the award of reasonable attorney fees incurred by them consistent with the opinion in *In re Estate of Stowell,* 595 A.2d 1022 (Me.1991), and on this appeal, for which Rand N. Stowell shall be surcharged.

All concurring.